UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY A. JAMES,<br><br>    Plaintiff,<br><br>    v.<br><br>TEMPUR SEALY INTERNATIONAL, INC.,<br><br>    Defendant. | Case No. 18-cv-07130-SI<br><br>**ORDER DENYING DEFENDANT'S ADMINISTRATIVE MOTION TO EXTEND THE SETTLEMENT CONFERENCE DEADLINE**<br><br>Re: Dkt. No. 71 |

On April 8, 2020, defendant filed an administrative motion to extend the settlement conference deadline to August 31, 2020. Dkt. No. 71. Plaintiff filed an opposition to the motion on April 13, 2020. Dkt. No. 72. The Court has considered the parties' papers and exhibits and hereby DENIES defendant's motion to extend the settlement conference deadline.

The parties appeared before the Court for a case management conference on December 9, 2019. Dkt. No. 59. The Court set a trial date of January 19, 2021, and ordered that the parties appear for a settlement conference before Chief Magistrate Judge Spero in March or April 2020. *Id.* Plaintiff's deposition is currently scheduled for April 14, 2020, and the settlement conference before Judge Spero is set for April 28, 2020.

Defendant states that it cannot participate in settlement discussions until it has taken plaintiff's deposition. Plaintiff has arranged for the deposition to be taken by video conference, but defendant does not wish to proceed in that manner. Defendant "believes it will be prejudiced if it is unable to depose him in person, which it cannot do until the current shelter-in-place restrictions are lifted. Similarly, Defendant prefers that the settlement conference also take place in person." Dkt. No. 71 at 1.

Some of the issues the parties dispute regarding settlement may be better addressed to Judge Spero. With regard to the video deposition, the Court sees no reason why the deposition cannot proceed in this way. The current public health emergency and shelter-in-place orders related to COVID-19 have caused many of the usual court operations to be conducted by telephone or video. *See, e.g.*, General Order Nos. 72 (stating that civil hearings will be conducted by telephone or video conference), 74 (permitting the temporary use of teleconferencing and video conferencing in certain criminal matters pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES ACT")). The Court sees no reason why plaintiff's deposition cannot similarly be conducted via video conference, particularly given the uncertainty regarding when the shelter-in-place restrictions will be lifted.

In its motion, defendant makes the additional argument that plaintiff's deposition cannot move forward now because, "pursuant to Federal Rule of Civil Procedure 30(b)(4), a remote deposition may occur only upon the stipulation of the parties or court order, neither of which is present in this case."[1] Dkt. No. 71 at 3. To the extent defendant perceives the lack of court order to be an obstacle to a video deposition, the Court hereby ORDERS that plaintiff's deposition proceed by video conference.

For the foregoing reasons, defendant's administrative motion to extend the settlement conference deadline is DENIED.

**IT IS SO ORDERED**.

Dated: April 13, 2020

SUSAN ILLSTON
United States District Judge

---

[1] Federal Rule of Civil Procedure 30(b)(4) provides, in part, "The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means. . . ."

2